IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CIRCLE K STORES, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIV. ACT. NO. 2:07cv474-ID |
| v. | ) |
| | ) |
| **MICHAEL W. KING, et al.,** | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the court is Plaintiff Circle K Stores' ("Circle K") motion for entry of default judgment against Defendant James M. King ("King"). (Doc. No. 9.) In this breach-of-contract action, King has not responded to the complaint or otherwise made an appearance, notwithstanding the fact that he has been served with a copy of the summons and complaint. Having obtained an entry of default from the clerk, Circle K seeks a default judgment against King in the amount of $147,320 as compensatory damages. See Fed. R. Civ. P. 55(a) & (b)(2). For the reasons to follow, the court finds that Circle K's motion is due to be granted.

The record in this case establishes that Circle K effectuated service of process on King, that King failed to answer or otherwise defend this lawsuit within the required time, see Fed. R. Civ. P. 12(a), and that the clerk entered King's default. See Fed. R. Civ. P. 55(a). The record also establishes that, although notice of the instant motion for default judgment is not required pursuant to Rule 55(b)(2), Circle K served on King a

copy of said motion on August 31, 2007, via the United States mail. (Doc. No. 9 at 6.) The court, therefore, is satisfied that King had sufficient notice of the complaint and the instant motion for default judgment, but has chosen not to respond.

Having carefully reviewed the complaint, the court concludes that the "well pleaded" allegations demonstrate a "sufficient basis" to support a finding that King breached the lease agreement at issue. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). The court, therefore, treats the allegations as to liability in the complaint as true and admitted by King. The court further finds that "all essential evidence is already of record," SEC v. Smyth, 420 F.3d 1225, 1231-32 & n.13 (11th Cir. 2005), and that, therefore, a hearing is not required. See Fed. R. Civ. P. 55(b)(2).

The court now turns to the issue of damages which in this case is straight-forward.[1] The lease agreement, which is part of the record, contains clear and unambiguous terms. Upon breach of the lease, Circle K is entitled to accelerate all outstanding rental payments for the remainder of the lease's term. The lease expires on November 30, 2010. (See Lease ¶¶ 2, 18 (Ex. to Doc. No. 9).)

Beginning in November 2006, King "stopped making [his] rental payments and abandoned the property and the [l]ease." (Hermansen Aff. ¶ 6 (Ex. to Doc. No. 9).)

---

[1] The court notes that Rule 54(c) of the Federal Rules of Civil Procedure provides that the party requesting judgment by default may not seek judgment in excess of the relief demanded in the complaint. See Fed. R. Civ. P. 54(c). The relief Circle K seeks is not different in kind and does not exceed in amount that prayed for in the complaint.

Circle K, which has invoked the lease's acceleration clause, is entitled to the remaining forty-nine monthly rental payments due under the lease. The monthly rental payment specified in the lease is $3,000, which equates a total accelerated rental payment of $147,000. In addition, as a result of King's breach of the lease, Circle K submits evidence that it has had to maintain the landscaping and grounds on the subject property at its own expense. (Id. ¶ 7.) Circle K, thus, requests, and is entitled to, an additional $320 as consequential damages for maintaining the landscaping on the subject property.

Based on the foregoing, it is CONSIDERED and ORDERED that Circle K's motion for entry of default judgment against King be and the same is hereby GRANTED.[2] A separate judgment shall be entered contemporaneously herewith.

DONE this 2nd day of November, 2007.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Other matters in this action remain pending; however, as requested and pursuant to ¶ 19 of the lease, Circle K may "submit evidence of attorneys' fees and expenses" at the conclusion of this lawsuit. (Doc. No. 9 at 3)